UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEARMOND WINTERS | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiff, | |
| v. | Civ. A. No. 04-4984 (SRC) |
| | **ORDER AND OPINION** |
| OFFICER MICHAEL S. BONANO, OFFICER BRIAN FROMHOLD, CITY OF NEPTUNE, AND THE NEPTUNE TOWNSHIP POLICE DEPARTMENT | |
| Defendants. | |

THIS MATTER, having been brought before the Court on the Motion for Summary Judgment of Defendants Officer Michael S. Bonano ("Bonano"), Officer Brian Fromhold ("Fromhold"), City of Neptune ("Neptune"), and the Neptune Township Police Department ("Department") (collectively "Defendants"); and

IT APPEARING that Plaintiff Learmond Winters ("Winters") alleges that on November 23, 2003, he was arrested by Bonano and Fromhold without a valid warrant; and that Neptune and Department are both liable for negligent hiring, retention, supervision, and training of Officers Bonano and Fromhold; and that Defendants are liable, upon Witners' arrest, for placing him in a cell with "dangerous inmates."  See Complaint at pp. 1-5; and

IT FURTHER APPEARING that Winters was informed, in a letter dated May 31, 2005, [Dkt. No. 14] that this Motion would be adjourned to July 5, 2005, and that Winters would therefore be granted additional time to file Opposition; and

IT FURTHER APPEARING that Bonano and Fromhold's account of probable cause to

arrest Winters and their statement of other material facts is unopposed and uncontested by any evidence or certifications provided by Winters in opposition to this motion; and

    IT FURTHER APPEARING that the U.S. Supreme Court has made it clear in Baker v. McCollan, 443 U.S. 137, 143-44 (1979) that an arrest based upon probable cause cannot become the source of a claim for false imprisonment; and

    IT FURTHER APPEARING that the Third Circuit has made it clear in Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988) that, if probable cause exists for the officer to reasonably believe at the time of the arrest that the elements of the offense existed, an actionable claim for false arrest cannot be sustained; and

    IT FURTHER APPEARING that George Williams Jr. filed a criminal complaint with the Neptune Police alleging that, on November 24, 2003, he was the victim of an assault by an individual in front of 3633 S.H. 33, Apt. 220, Neptune, NJ - an apartment which Mr. Williams was the landlord.  See Certification of Michael Bonano ¶ 2;

    IT FURTHER APPEARING that George Williams was falsely informed by Ms. Weston, Winters' girlfriend, that the person who assaulted him was named "Lamont Johnson."  See Certification of Michael Bonano ¶ 3; and

    IT FURTHER APPEARING that based upon that information and the information in the statement taken by Ptl. Charles L. Force, and follow-up investigation by Bonano, see Neptune Township Police Dept. reports from Ptl. Force and Det. Bonano attached to Cert. of Counsel as Exhibits "A" and "B," Bonano applied for an arrest warrant for simple assault for "Lamont Johnson."  See Certification of Michael Bonano, ¶ 3; and

    IT FURTHER APPEARING that, after Bonano approached Winters, who fit the physical

description of Lamont Johnson, Winters admitted to Bonano that he lived at 3633 S.H. 33, Apt. 220, Neptune, NJ, but denied being Lamont Johnson.  See Certification of Michael Bonano ¶ 4; and

IT FURTHER APPEARING that Mr. Williams, after seeing Winters in the area of the Neptune, NJ apartment, advised Bonano that Winters was the person who assaulted him on November 24, 2003.  See Certification of Michael Bonano ¶ 5; and

IT FURTHER APPEARING that on February 12, 2004, Bonano and Fromhold traveled to Winters' apartment at 3633 S.H. 33, Apt. 220, Neptune, NJ and, after a brief struggle with Winters, placed him under arrest.  See Certification of Michael Bonano ¶ 6, Neptune Township Police Dept. report from Det. Bonano attached to Cert. of Counsel as Exhibit "B," ; and

IT FURTHER APPEARING that Bonano and Fromhold did not have a warrant for the arrest of "Learmond Winters," but rather had a warrant for "Lamont Johnson" at the time.  See Neptune Township Police Dept. report from Det. Bonano and copy of Warrant Number 2003-002151 attached to Cert. of Counsel as Exhibit "B;" and

IT FURTHER APPEARING that while the existence of probable cause is often a question for the jury, where, as in this case Defendants asserted probable cause is unopposed and, in any event, no reasonable jury could find that the police lacked probable cause, summary judgment is appropriate.  See Groman v. Township of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995);[1] and

---

[1] "The proper inquiry in a [S]ection 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Township of Malapan, 47 F.3d 628, 634 (3d Cir. 1995); Edwards v. City of Philadelphia, 860 F.2d 568, 571 (3d Cir. 1989).  Probable cause to arrest exists where "the facts and circumstances within [an officers's] knowledge and of which [that

IT FURTHER APPEARING that after his arrest, Winters was convicted by the Municipal Court of Neptune for resisting arrest.  See  Certification of Michael Bonano ¶ 8, and Municipal Court Disposition entry attached to Cert. of Counsel as Exhibit "C,"; and

IT FURTHER APPEARING that on November 24, 2004, Winters voluntarily pleaded guilty to simple assault in Municipal Court of Neptune.  See  Certification of Michael Bonano ¶ 8, and Municipal Court Disposition entry attached to Cert. of Counsel as Exhibit "C,"; and

IT FURTHER APPEARING that, under these circumstances, the U.S. Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) further bars Winters' action;[2]

IT IS on this 25th day of August, 2005, for the reasons set forth above, ORDERED that Defendants' Motion [Dkt. #13] is hereby GRANTED and Plaintiff's Complaint is hereby dismissed with prejudice.

---

officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Edwards, 860 F.2d at 571 (citing Brinegar v. United States, 338 U.S. 160, 175-76 (1949)).

[2]  Heck held that

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983. [Emphasis in original].

Id. at 487.  Here, judgment in favor of Winters would necessarily imply the invalidity of his conviction or sentence and, therefore, "the complaint must be dismissed [because] the plaintiff can [not] demonstrate that the conviction or sentence has already been invalidated." Id.

   /s Stanley R. Chesler, U.S.D.J.

Stanley R. Chesler, U.S.D.J.