NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEARMOND WINTERS, | |
| Plaintiff, | CIVIL NO. 04-04984 (SRC) |
| v. | OPINION |
| OFFICER MICHAEL BONANNO, et al. | |
| Defendants. | |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant County of Monmouth (docket entry # 12). The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, grants Defendant's Motion.

**I. BACKGROUND OF THE CASE**

On November 24, 2003, Mr. George Williams Jr. filed a criminal complaint with the Neptune Police alleging that, on earlier that day, he was the victim of an assault by an individual in front of 3633 S.H. 33, Apt. 220, Neptune, NJ. (Neptune Township Police Dept. report from Det. Bonano attached to City of Neptune Cert. of Counsel as Exhibit "B.") Mr. Williams was assaulted by an unidentified man when he stopped by the apartment to question his tenant, Ms. Vangaline Weston, about a bad rent check she had issued him. (Certification of Michael Bonano

¶ 2.)  Subsequently, Mr. Williams was informed by Ms. Weston that the name of the person who assaulted him was Lamont Johnson.  (Certification of Michael Bonano ¶ 3.)  Accordingly, an arrest warrant for Lamont Johnson was issued.  (Certification of Michael Bonano, ¶ 3 and copy of Warrant Number 2003-002151 attached to City of Neptune Cert. of Counsel as Exhibit "B.")

On February 10, 2004, Officer Bonano of the Neptune Township Police Department observed an individual who fit the description of Lamont Johnson in the area of the apartment where Mr. Williams was assaulted.  (Certification of Michael Bonano, ¶ 4.)  Upon inquiry by Officer Bonano, the individual identified himself as Learmond Winters.  Id.  Mr. Winters admitted to Officer Bonano that he lived at 3633 S.H. 33, Apt. 220, Neptune, NJ, but denied being Lamont Johnson.  Id.  After a subsequent visit to the property, Mr. Williams identified the individual known to Officer Bonano as Learmond Winters as the person who assaulted him on November 24, 2003.  (Certification of Michael Bonano, ¶ 5.)

On February 12, 2004, Officers Bonano and Fromhold went to Ms. Weston's apartment at 3633 S.H. 33, Apt. 220, Neptune, NJ looking for Learmond Winters.  (Certification of Michael Bonano, ¶ 6.)  Mr. Winters came to the door and, upon being informed by the officers that they had a warrant for his arrest, entered into a scuffle with the officers in an attempt to run away.  Id.  The officers arrested Mr. Winters and transported him to headquarters.  Id.

On February 13, 2004, Mr. Winters was a municipal commitment at the Monmouth County Correctional Institution.  (Certification of Undersheriff Clifford J. Daniels and Booking File #61826 attached to County of Monmouth Cert. of Counsel as Exhibit A).  Mr. Winters was released the same day after posting a surety bond in the amount of the bail.  Id.

On December 30, 3004, Mr. Winters was convicted by the Municipal Court of Neptune for resisting arrest (Certification of Michael Bonano ¶ 8, and Municipal Court Disposition entry

attached to Cert. of Counsel as Exhibit "C") and he voluntarily pleaded guilty to simple assault in Municipal Court of Neptune.  (Certification of Michael Bonano ¶ 8, and Municipal Court Disposition entry attached to Cert. of Counsel as Exhibit "C.")

Plaintiff Learmond Winters ("Winters") alleges that the arrest by Officers Bonano and Fromhold of the Neptune Township Police Department was made without a valid warrant and that the County of Monmouth ("Defendant") is liable for wrongful confinement, negligent hiring, retention, supervision, and training of their correctional officers, and for placing him in a cell with "dangerous inmates."  (Complaint at pp. 1-5.)

## II. SUMMARY JUDGMENT

The U.S. Supreme Court has made it clear in Baker v. McCollan, 443 U.S. 137, 143-44 (1979) that an arrest based upon probable cause cannot become the source of a claim for false imprisonment.  The Bonano and Fromhold account of probable cause to arrest Winters and their statement of other material facts is unopposed and uncontested by any evidence or certifications provided by Winters in opposition to this motion.

While the existence of probable cause is often a question for the jury, where, as in this case Defendants' asserted probable cause is unopposed and, in any event, no reasonable jury could find that the police lacked probable cause, summary judgment is appropriate.  See Groman v. Township of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995).[1]  Under these circumstances, the

---

[1] "The proper inquiry in a [S]ection 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Township of Malapan, 47 F.3d 628, 634 (3d Cir. 1995); Edwards v. City of Philadelphia, 860 F.2d 568, 571 (3d Cir. 1989).  Probable cause to arrest exists where "the facts and circumstances within [an officers's] knowledge and of which [that officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Edwards, 860 F.2d at

U.S. Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) further bars Winters' action;[2]

**III. CONCLUSION**

For the reasons stated above, and for good cause shown, the Court grants Defendant's Motion for Summary Judgment. An appropriate form of order will be filed herewith.

Date:   August 29, 2005

                                                  s/Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J.

---

571 (citing Brinegar v. United States, 338 U.S. 160, 175-76 (1949)).

[2] Heck held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983. [Emphasis in original].

Id. at 487. Here, judgment in favor of Winters would necessarily imply the invalidity of his conviction or sentence and, therefore, "the complaint must be dismissed [because] the plaintiff can [not] demonstrate that the conviction or sentence has already been invalidated." Id.